IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
2008 SEP 26 A 7 19

R. Aua

FRANKLIN L. WILLIAMS, )
)
    Petitioner, )
)
v. )   CIVIL ACTION NO.: CV507-101
)
DARRELL HART, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams"), who is currently incarcerated at Men's State Prison in Hardwick, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted after a jury trial in Ware County Superior Court of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and selling marijuana. Williams was sentenced to 15 years' imprisonment on the cocaine count, and 10 years' imprisonment for the marijuana counts, to be served concurrently with each other and consecutively to any other sentence Williams was serving. Williams filed an out-of-time appeal. Williams challenged the sufficiency of the evidence used to convict him, and he also asserted the grand jury was not in session when the indictment against him was returned, the indictment was not delivered to a bailiff for presentment, and the indictment was not unsealed by a judge in open court.

The Georgia Court of Appeals affirmed Williams' convictions and sentences, finding the evidence sufficient to support his convictions and his allegations relevant to the grand jury proceedings to be procedurally defaulted. Williams v. State, 255 Ga. App. 109, 564 S.E.2d 518 (2002).

Williams filed a habeas corpus petition in the Wilcox County Superior Court, in which he alleged he received ineffective assistance of trial and appellate counsel, that he was falsely imprisoned due a null and void indictment, the indictment left the trial court without jurisdiction, his counsel did not file an appeal, and he had false charges filed against him. The Wilcox County Superior Court determined Williams' ineffective assistance of trial counsel and sufficiency of the evidence claims were decided adversely to Williams on appeal or were procedurally defaulted because these issues were not raised on appeal. The Wilcox Superior Court also determined Williams' ineffective assistance of appellate counsel claims were without merit, as the indictment claims were raised on appeal and decided adversely to Williams. (Resp't's Ex. 4).

Williams filed a petition for writ of habeas corpus in the Superior Court of Ware County; that court dismissed Williams' petition as successive. (Resp't's Ex. 6). Prior to the Ware County Superior Court dismissing his petition, Williams filed another petition for writ of habeas corpus in the Butts County Superior Court. The Butts County Superior Court likewise dismissed Williams' petition as being successive. (Resp't's Ex. 26). The Butts Count Superior Court found Williams' contention that he received ineffective assistance of counsel was based "upon a meritless legal argument[.]" (Id. at 2).

In his section 2254 petition, Williams sets forth four (4) grounds[1] for relief: 1) the criminal judgment against him is void because the grand jury was not seated properly; 2) the trial court lacked jurisdiction without a proper indictment; 3) he is being falsely imprisoned due to this improper indictment; and 4) the indictment against him was fraudulent. (Doc. No. 2). Respondent asserts Grounds 1, 2, and 3 are defaulted because Williams did not present his claims to the Georgia Supreme Court, and he cannot establish cause and prejudice to overcome this default. Respondent also asserts Ground 4 was not raised during an earlier habeas proceeding, and, thus, is procedurally defaulted under the successive petition rule.

## DISCUSSION AND CITATION TO AUTHORITY

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair

---

[1] Williams sets forth five (5) issues in the "Statement of Issues" section of his Brief; however, he uses facts in support of four (4) issues. Though it appears Williams sets forth four separate, distinct issues, a review of his petition and the brief in support reveal the basis of Williams' petition is his contention that the grand jury which indicted him was not properly impaneled.

v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[2], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, ___ (11th Cir. 2008).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S.

---

[2] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if be can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the

AO 72A
(Rev. 8/82)

conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

I.  **Grounds 1, 2, and 3**

Williams asserts the judgment against him is void because he was not properly indicted by a grand jury. According to Williams, the grand jury which indicted him was seated in November 1996, and the grand jury did not indict him until March 26, 1997. Williams alleges a grand jury is seated for four (4) weeks in a calendar year and a grand jury's term does not extend into another calendar year. For this same reason, it appears, Williams contends the trial court lacked jurisdiction over him because the indictment violated the Fifth, Sixth, and Eighth Amendments of the Constitution. Williams also contends he is being falsely imprisoned because he was not indicted by a properly impaneled grand jury.

Respondent contends Williams brought the claims set forth in Grounds 1 through 3 of the instant petition for the first time in his state habeas petition filed in Butts County Superior Court. Respondent asserts these claims have been procedurally defaulted because Williams did not appeal the Butts County Superior Court's ruling to the Georgia Supreme Court. Respondent also asserts Williams' claim that he did not know how to file an appeal is contradicted by his having filed an appeal after the denial of his state habeas corpus petition filed in Wilcox County Superior Court. Respondent further asserts Williams cannot establish cause and prejudice to excuse his default.

Williams brought the claims that the indictment against him is null and void because the grand jury was not "seated" on March 26, 1997, to indict him because a grand jury cannot remain in place into another year and that he was being falsely

imprisoned as a result of this grand jury indicting him. (Resp't's Ex. 7, p. 4). Williams also filed several amendments to his Butts County habeas petition in which he stated his trial and appellate counsel were ineffective for failing to raise any indictment issues on appeal and that his attorneys knew a grand jury could not be impaneled in November 2006 and indict him on March 26, 1997. (See e.g., Resp't's Exs. 8, 9). The Butts County Superior Court stated Ware County, the county in which Williams was indicted, has two terms of court yearly—the first Monday in April and the second Monday in November—based on O.C.G.A. § 15-6-3(41)(F). (Resp't's Ex. 26, p. 1). The Butts County court also stated the first Monday in April 1997 was April 7, 1997, and that an indictment in March 1997, by a grand jury impaneled in November 1996 did not violate the Georgia law prohibiting grand jurors from serving two successive terms (O.C.G.A. § 15-12-4). (Id. at pp. 1-2). The Butt County Superior Court determined Williams' complaint of ineffective assistance of counsel rested upon a meritless argument and found Williams' petition to be without merit. In the alternative, the Butts County court found Williams' petition was successive, as he filed a previous state habeas corpus petition in Wilcox County in which he raised, or could have raised, the issues he raised in the Butts County habeas corpus petition. (Id. at p. 2).

Nothing before the Court indicates Williams filed a certificate of probable cause to appeal the Butts County Superior Court's denial of his second state habeas corpus petition. Thus, the factual allegations contained in Grounds 1, 2, and 3 are procedural defaulted. See Jackson v. Walker, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting Pope v. Rich, 358 F.3d 852, 853-54 (11th Cir. 2004), and noting that "[b]efore a state prisoner may file a federal habeas petition, he must exhaust his state remedies by

petitioning the highest court in the state in which he is being held "'when such review is part of the ordinary appellate review procedure'" in that jurisdiction. Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted.). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The Supreme Court stated that this requirement is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Pope, 358 F.3d at 853. Under O.C.G.A. § 9-14-52, Williams should have appealed the denial of his habeas petition in Butts County to the Georgia Supreme Court.[3] Williams could excuse his procedural default with a showing of cause and prejudice, which he has failed to attempt to do. Likewise, although Williams alleges a miscarriage of justice, he offers nothing in support of this bare assertion. This court lacks jurisdiction to consider the merits of grounds 1, 2, and 3 of Williams' federal habeas petition.

---

[3] The undersigned notes Williams' contention that he did not know how to appeal the denial of his habeas petition. This contention, however, is belied by Williams being informed by the Wilcox County Superior Court that he could file an appeal with the Georgia Supreme Court (Resp't's Ex. 4, pp. 4-5), and Williams filing such an appeal. (Resp't's Ex. 5). In addition, Williams was informed by the Ware County Superior Court in its denial of Williams' state habeas petition that he could file an application for certificate of probable cause with the Georgia Supreme Court. (Resp't's Ex. 6). The Ware County Superior Court's decision preceded the Butts County court's decision. The undersigned notes Williams did not file an application for certificate of probable cause with the Georgia Supreme Court based on the Ware County court's determination that Williams' petition was successive.

## II. Ground 4

Williams contends the indictment against him is a fraudulent document because the grand jury could not run into another calendar year. Respondent asserts Williams has not raised this particular allegation previously and that it is procedurally defaulted under the successive petition rule.

As noted above, Williams' petition is based on his allegation that the grand jury was impaneled improperly. The "grounds" upon which Williams bases this petition are merely four (4) factual allegations in support of Williams' contention that the grand jury was not impaneled properly on March 26, 1997. The undersigned's review of the record does not reveal Williams has brought this specific allegation in any of his previously filed pleadings with the state courts. However, it is rather apparent this claim would be barred under the successive petition rule, should Williams attempt to raise it in a fourth state habeas corpus petition. See O.C.G.A. § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."). The assertion Williams makes in ground 4 of his petition is procedurally barred.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE